DANIEL MADAY AND EVA MADAY, PLAINTIFFS-RESPOND-
ENTS, v. THE NEW JERSEY TITLE GUARANTEE AND
TRUST CO., JERSEY CITY, NEW JERSEY, IN LIQUIDA-
TION, IN CHARGE OF LOUIS A. REILLY, COMMIS-
SIONER OF BANKING AND INSURANCE OF NEW JER-
SEY, AND ANDREW GREY, SPECIAL ASSISTANT DEP-
UTY COMMISSIONER OF BANKING AND INSURANCE,
DEFENDANT-APPELLANT.

Submitted May 29, 1942—Decided September 18, 1942.

For the plaintiffs-respondents, *Irving Reiken* and *Louis P. Brenner*.

For the defendant-appellant, *William Wann* and *Wilbur A. Stevens*.

PER CURIAM.

We are in accord with the view expressed in the opinion filed in the Supreme Court with this exception: The term of the letting is, we think, important. The only testimony on the subject came from the defendant and was that the tenancy was from month to month. The testimony of Mrs. Maday, tenant and plaintiff, was that in the month of January she informed a person who, it is admitted, was the defendant's agent that the ceiling was defective and likely to fall and that she would move unless it was fixed; thereupon the agent asked her not to move and assured her that he would make the necessary repair. Thus we have a consideration for the promise—the right on the part of the tenant to terminate the tenancy before the happening of the accident in March, and the remaining in occupancy on the strength of the promise to repair. There is no proof of the inclusion in the original contract of a duty upon the landlord to repair or of an undertaking that the premises were or should be fit for occupancy; and since the facts do not bring the case

within any of the exceptions, the alleged actionable negligence of the defendant to repair must therefore ground in a subsequent contract supported by consideration. *Bolitho* v. *Mintz,* 106 *N. J. L.* 449; *Granato* v. *Howard Savings Institution,* 120 *Id.* 94; *Rosenberg* v. *Krinick,* 116 *Id.* 597; *Watkins* v. *Feinberg,* 128 *Id.* 79; *Folley* v. *United Building and Loan Association,* 117 *Id.* 54. Hence the importance of the monthly feature of the letting.

The appellant's brief contains, in addition to the names of the attorney of record and of counsel, the name of one who is neither the attorney of record nor a counselor-at-law. The last mentioned name is appended with the designation— "on the brief." It has no place there and is not noted *supra.*

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.